07 CV 6407

JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDIUSTRIAL CARRIERS INC.,            :
 
    Plaintiff,                :

 - against -                              :   ECF CASE

OV LIMITED,                               :

    Defendant.              :
------------------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiff, INDUSTRIAL CARRIERS INC. (hereinafter referred to as "Plaintiff" or "ICI"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, OV LIMITED (hereinafter referred to as "Defendant" or "OV"), alleges, upon information and belief, as follows:

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.  At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was, at all material times, the charterer of the M/V "CAPETAN MICHALIS" (hereinafter referred to as the "Vessel").

3.  Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law.

4.  By a maritime contract (hereinafter referred to as the "Contract" or the "Agreement") dated May 08-10, 2007, the Plaintiff contracted with the Defendant for the provision of bunkers to the Vessel.

5.  During the course of the Contract, certain disputes arose between the parties regarding the Defendant's failure to provide adequate bunkers as per the terms of the Agreement. This failure to provide adequate bunkers has resulted in the need to remove the bunkers from the Vessel, to clean the Vessel's tanks and in several days lost time to complete the foregoing.

6.  As a result of Defendant's breaches of the contract, Plaintiff has sustained damages in the total principal amount of **$125,000.00** exclusive of interest, arbitration costs and attorney's fees.

7.  The Contract provides that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

8.  Plaintiff will soon commence arbitration in London pursuant to the Contract and will appoint its arbitrator.

9.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $125,000.00 |
| B. | Estimated interest on claims:<br>3 years at 8%, compounded quarterly | $33,564.63 |
| C. | Estimated attorneys' fees<br>and arbitration costs: | $50,000.00 |
| | **Total** | **$208,564.63** |

10.  The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

11. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$208,564.63.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$208,564.63** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: July 13, 2007
New York, NY

The Plaintiff,
INDUSTRIAL CARRIERS INC.,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Town of Southport
County of Fairfield   )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     July 13, 2007
           Southport, CT

                                              _____
                                              Lauren C. Davies

5

EXHIBIT 1

Good day,

Eugene // Slava

THIS IS TO CONFIRM BUNKER ORDER:

| | |
|---|---|
| BUYER | : INDUSTRIAL CARRIERS INC. |
| VESSEL | : CAPETAN MICHALIS |
| FLAG | : GREEK |
| PLACE OF SUPPLY | : ST.PETERSBURG, RUSSIA |
| DATE | : 08-10.05.07, IAC BEFORE COMPLETION OF CARGO OPERATIONS |
| PRODUCT | : MDO DMB ISO 8217 2005 |
| QUANTITY | : 100 MT |
| PRICE | : USD 510 PMT |
| SELLER | : OV LIMITED |
| SUPPLIER | : OV LIMITED |
| DELIVERY | : BY BARGE |
| BARGING | : NOT APPLICABLE |
| BOOMING | : NOT APPLICABLE |
| EXTRA EXPENCES | : NOT APPLICABLE |
| AGENT | : RUSNAUTIC |
| PAYMENT | : 3 BANKING DAY AFTER DELIVERY AND PRESENTATION OF FAX COPY OF THE INVOICE/BUNKERS DELIVERY RECEIPT |

- SELLER/SUPPLIER GUARANTEE THAT DELIVERY SHOULD BE ACCORDING TO MARPOL REGULATIONS 73/78 ANNEX VI EFFECTIVE FROM 19.05.2005.

- SELLER/SUPPLIER GUARANTEE THAT THE SULPHUR CONTENT OF THE BUNKER SUPPLIED WILL NOT EXCEED 4.5% (M/M) AND 1,5% IN SECAS (SOX EMISSION CONTROL AREAS)

- SELLER/SUPPLIER MUST UNFAIL TO PRODUCE A CERTIFICATE 'BUNKER DELIVERY NOTE'
 TO SHOW THE EXACT SULPHUR CONTENT AND OTHER INFORMATION AS REQUIRED WHICH READ AS FOLLOWING:

 - NAME AND IMO NUMBER OF THE VESSEL
 - PORT
 - DATE OF COMMENCEMENT OF DELIVERY
 - NAME, ADDRESS AND TELEPHONE NUMBER OF BUNKER SUPPLIER
 - PRODUCT NAME(S)
 - QUANTITY (METRIC TONS)
 - DENSITY AT 15 DEGREE CENTIGRADE (KG/M3)
 - SULPHUR CONTENT (%M/M)
 - A DECLARATION SIGNED AND CERTIFIED BY THE BUNKER SUPPLIER'S REPRESENTATIVE THAT THE BUNKER SUPPLIED IS IN CONFORMITY WITH REG 14(1) OR (4)(A) AND REG 18(1) OF THE ANNEX VI OF MARPOL 73/78.

BOTH PARTIES, TO VERIFY FINAL QUANTITIES OF BUNKERS SUPPLIED TO THE VESSEL AS
WELL AS QUALITY. IN SUCH A CASE QUANTITY AND QUALITY OF BUNKERS DETERMINED BY
SURVEYOR ARE TO BE MUTUALLY ACCEPTED BY BOTH PARTIES.

BUYER HAS THE RIGHT TO CONDUCT SAMPLING AND FURTHER ANALYSIS OF SAMPLES TAKEN
FROM THE BARGE (SELLER/SUPPLIER TO ASSIST BUYER WHERE APPLICABLE WITH ARRANGING
OF SAME) BEFORE OR DURING THE SUPPLY AND IF SUCH ANALYSIS SHOWS RESULTS WHICH
ARE NOT IN LINE WITH THE QUALITY AGREED, BUYER HAVE THE OPTION TO CANCEL SUPPLY
W/O PAYING CANCELLATION CHARGES.

IN CASE OF ANY DISPUTE REGARDING QUALITY OF A PRODUCT SUPPLIED SELLER/SUPPLIER
AND BUYER TO APPOINT MUTUALLY AGREEABLE BY BOTH PARTIES RECOGNISABLE SURVEYOR
TO PERFORM TEST ANALYSIS AND IF SUCH ANALYSIS SHOWS OFF-SPECIFICATION BUNKERS
SELLER/SUPPLIER IS TO BEAR ALL LIABILITIES WHICH MAY ARISE THEREFROM.

BUNKER DELIVERY RECEIPT FOR EVENTUAL QUANTITIES SUPPLIED IS TO BE ISSUED AND
SIGNED AFTER COMPLETION OF BUNKERING ONLY.

SPECIFICATION OF PRODUCT(S) SUPPLIED ARE TO BE IN ACCORDANCE WITH BUYER'S
REQUESTED REQUIREMENTS, IF SPECIFIED.

ANY PRODUCT SUPPLIED IS TO CONFORM TO ISO 8217:1996(E), NO OTHER SPECIFICATION
IS TO APPLY. IN CASE OF QUALITY DISPUTE, BARGE'S AND VESSEL'S RETAINED SAMPLE
(DULY WITNESSED/SIGNED BY VESSEL'S REPRESENTATIVE) SHALL BE THE SAMPLE
ADMISSIBLE FOR ANALYSIS TO DETERMINE QUALITY OF PRODUCT(S) SUPPLIED.

SELLER/SUPPLIER GUARANTEE THAT BARGE'S STAFF WILL ALLOW TO VESSEL'S STAFF TO
PERFORM MEASUREMENTS IN ALL BARGE'S TANKS (INCLUDING TANKS NOT FOR SUPPLY AND
VOID SPACES) BEFORE AND AFTER SUPPLY. SELLER/SUPPLIER GUARANTEE THAT
CALIBRATION TABLES (INCLUDING TABLES OF ADJUSTMENTS FOR TRIM) FOR ALL BARGE'S
TANKS ARE AVAILABLE ON BARGE.

ANY DELAYS CAUSED BY FAULT OF SUPPLYING BARGE ARE TO BE AT FULL RESPONSIBILITY
OF SELLER/SUPPLIER.

THE SELLER HEREBY CONFIRMS THAT THERE ARE NO INTERMEDIARY TRADER(S) BETWEEN
SELLER AND PHYSICAL SUPPLIERS AND THAT SELLER WILL BE REMITTING FUNDS FOR
BUNKERING DIRECTLY TO BANK ACCOUNT OF PHYSICAL SUPPLIER.

NOTWITHSTANDING ANY OTHER PROVISION IN THE BUNKER SUPPLY AGREEMENT, THE
SELLER/SUPPLIER HEREBY WARRANT THE FOLLOWING:

ALL BUNKERS SUPPLIED SHALL COMPLY WITH THE QUALITY REQUIREMENTS OF MARPOL
ANNEX VI;

IN CASE OF ANY DISPUTE SAME TO BE REFFERED TO ENGLISH LAW AND RESOLVED IN ACCORDANCE WITH LMAA SMALL CLAIMS PROCEDURE.

ANY COMPLAINT AS TO THE QUALITY OF BUNKERS IS TO BE MADE BY THE BUYER TO THE SELLER/SUPPLIER WITHIN 45 DAYS AFTER DATE OF DELIVERY. ANY CLAIM AS TO THE QUANTITY IS TO BE MADE BY THE BUYER TO THE SELLER WITHIN 14 DAYS AFTER DATE OF DELIVERY.

BUYERS SHALL CONFIRM THEIR AGREEMENT TO ABV SPECIAL TERMS OF DELIVERY, ANY ERRORS OR OMISSIONS IN THE ABOVE SHOULD BE REPORTED IMMEDIATELY.

Regards,
Slava Molchanov

"OV Limited" /St. Petersburg Representative Office/
113/1 Krasnoputilovskaya
str, St. Petersburg, 196240, Russia
ph: +7 812 375 92 62
mob: +7 911 956 00 18
fax: +7 812 448 25 36
e-mail: bunkers@vmb-service.ru
AOH e-mail: 9560018@nwgsm.ru

-----Original Message-----
From: Operations Dept [mailto: operations@diamant.com.ua]
Sent: Wednesday, May 02, 2007 7:58 PM
To: OV Limited
Subject: M/V 'CAPETAN MICHALIS' / BUNKERING

Ref: 070502-EA0356
TEL +380 482 345001, FAX +380 487 380660
E-MAIL: OPERATIONS@DIAMANT.COM.UA

TO              OV LIMITED

SLAVA / EUGENE

RE              M/V 'CAPETAN MICHALIS' / BUNKERING IN ST. PETERSBURG

THIS IS TO RECAPITULATE THAT BUNKER ORDER IS PLACED AS FOLLOWS:

BUYER           : INDUSTRIAL CARRIERS INC.
VESSEL          : CAPETAN MICHALIS
FLAG            : GREEK
PLACE OF SUPPLY : ST. PETERSBURG, RUSSIA
DATE            : 08-10.05.07, IAC BEFORE COMPLETION OF
                  CARGO OPERATIONS

PRODUCT         : MDO DMB ISO 8217 2005
QUANTITY        : 100 MT
PRICE           : USD 510 PMT

7/11/2007

```
AGENT            : RUSNAUTIC

PAYMENT          : 3 BANKING DAY AFTER DELIVERY AND PRESENTATION OF
                   FAX COPY OF THE INVOICE/BUNKERS DELIVERY RECEIPT
```

- SELLER/SUPPLIER GUARANTEE THAT DELIVERY SHOULD BE ACCORDING TO MARPOL REGULATIONS 73/78 ANNEX VI EFFECTIVE FROM 19.05.2005.

- SELLER/SUPPLIER GUARANTEE THAT THE SULPHUR CONTENT OF THE BUNKER SUPPLIED WILL NOT EXCEED 4.5% (M/M) AND 1,5% IN SECAS (SOX EMISSION CONTROL AREAS)

- SELLER/SUPPLIER MUST UNFAIL TO PRODUCE A CERTIFICATE 'BUNKER DELIVERY NOTE'
  TO SHOW THE EXACT SULPHUR CONTENT AND OTHER INFORMATION AS REQUIRED WHICH READ AS FOLLOWING:

  - NAME AND IMO NUMBER OF THE VESSEL
  - PORT
  - DATE OF COMMENCEMENT OF DELIVERY
  - NAME, ADDRESS AND TELEPHONE NUMBER OF BUNKER SUPPLIER
  - PRODUCT NAME(S)
  - QUANTITY (METRIC TONS)
  - DENSITY AT 15 DEGREE CENTIGRADE (KG/M3)
  - SULPHUR CONTENT (%M/M)
  - A DECLARATION SIGNED AND CERTIFIED BY THE BUNKER SUPPLIER'S REPRESENTATIVE THAT THE BUNKER SUPPLIED IS IN CONFORMITY WITH REG 14(1) OR (4)(A) AND REG 18(1) OF THE ANNEX VI OF MARPOL 73/78.

SPECIAL TERMS (NO OTHER TERMS TO APPLY):

THE SELLER/SUPPLIER DOES NOT HAVE A LIEN AGAINST THE VESSEL IN RESPECT OF THE
VALUE OF THE BUNKERS, PROVIDED ALL FUNDS FOR BUNKERS RECEIVED BY SELLER.
SUPPLIER IS TO BE ADVISED BY SELLER ACCORDINGLY.

BUYER HAS THE OPTION TO APPOINT AN INDEPENDENT SURVEYOR, MUTUALLY AGREEABLE BY
BOTH PARTIES, TO VERIFY FINAL QUANTITIES OF BUNKERS SUPPLIED TO THE VESSEL AS
WELL AS QUALITY. IN SUCH A CASE QUANTITY AND QUALITY OF BUNKERS DETERMINED BY
SURVEYOR ARE TO BE MUTUALLY ACCEPTED BY BOTH PARTIES.

BUYER HAS THE RIGHT TO CONDUCT SAMPLING AND FURTHER ANALYSIS OF SAMPLES TAKEN
FROM THE BARGE (SELLER/SUPPLIER TO ASSIST BUYER WHERE APPLICABLE WITH ARRANGING
OF SAME) BEFORE OR DURING THE SUPPLY AND IF SUCH ANALYSIS SHOWS RESULTS WHICH
ARE NOT IN LINE WITH THE QUALITY AGREED, BUYER HAVE THE OPTION TO CANCEL SUPPLY
W/O PAYING CANCELLATION CHARGES.

IN CASE OF ANY DISPUTE REGARDING QUALITY OF A PRODUCT SUPPLIED SELLER/SUPPLIER

REQUESTED REQUIREMENTS, IF SPECIFIED.

ANY PRODUCT SUPPLIED IS TO CONFORM TO ISO 8217:1996(E), NO OTHER SPECIFICATION
IS TO APPLY. IN CASE OF QUALITY DISPUTE, BARGE'S AND VESSEL'S RETAINED SAMPLE
(DULY WITNESSED/SIGNED BY VESSEL'S REPRESENTATIVE) SHALL BE THE SAMPLE
ADMISSIBLE FOR ANALYSIS TO DETERMINE QUALITY OF PRODUCT(S) SUPPLIED.

SELLER/SUPPLIER GUARANTEE THAT BARGE'S STAFF WILL ALLOW TO VESSEL'S STAFF TO
PERFORM MEASUREMENTS IN ALL BARGE'S TANKS (INCLUDING TANKS NOT FOR SUPPLY AND
VOID SPACES) BEFORE AND AFTER SUPPLY. SELLER/SUPPLIER GUARANTEE THAT
CALIBRATION TABLES (INCLUDING TABLES OF ADJUSTMENTS FOR TRIM) FOR ALL BARGE'S
TANKS ARE AVAILABLE ON BARGE.

ANY DELAYS CAUSED BY FAULT OF SUPPLYING BARGE ARE TO BE AT FULL RESPONSIBILITY
OF SELLER/SUPPLIER.

THE SELLER HEREBY CONFIRMS THAT THERE ARE NO INTERMEDIARY TRADER(S) BETWEEN
SELLER AND PHYSICAL SUPPLIERS AND THAT SELLER WILL BE REMITTING FUNDS FOR
BUNKERING DIRECTLY TO BANK ACCOUNT OF PHYSICAL SUPPLIER.

NOTWITHSTANDING ANY OTHER PROVISION IN THE BUNKER SUPPLY AGREEMENT, THE
SELLER/SUPPLIER HEREBY WARRANT THE FOLLOWING:

ALL BUNKERS SUPPLIED SHALL COMPLY WITH THE QUALITY REQUIREMENTS OF MARPOL
ANNEX VI;

THE VESSEL SHALL BE PROVIDED WITH A DELIVERY NOTE IN ACCORDANCE WITH AND
CONTAINING THE MINIMUM INFORMATION REQUIRED BY MARPOL ANNEX VI;

THE VESSEL WILL BE PROVIDED WITH A REPRESENTATIVE SAMPLE OF THE BUNKERS OIL
DELIVERED IN ACCORDANCE WITH MARPOL ANNEX VI AND THE GUIDELINES SET OUT IN
MEPC96(47).

THE SELLER TO FURNISH LIEN WAIVER FROM SUPPLIER WITHIN 30 DAYS AFTER SUPPLY
PROVIDED ALL FUNDS WILL BE RECEIVED BY SELLER FROM BUYER.

IN CASE OF ANY DISPUTE SAME TO BE REFFERED TO ENGLISH LAW AND RESOLVED IN
ACCORDANCE WITH LMAA SMALL CLAIMS PROCEDURE.

ANY COMPLAINT AS TO THE QUALITY OF BUNKERS IS TO BE MADE BY THE BUYER TO THE
SELLER/SUPPLIER WITHIN 45 DAYS AFTER DATE OF DELIVERY. ANY CLAIM AS TO THE
QUANTITY IS TO BE MADE BY THE BUYER TO THE SELLER WITHIN 14 DAYS AFTER DATE
OF DELIVERY.

BUYERS SHALL CONFIRM THEIR AGREEMENT TO ABV SPECIAL TERMS OF DELIVERY, ANY
ERRORS OR OMISSIONS IN THE ABOVE SHOULD BE REPORTED IMMEDIATELY.


BEST REGARDS
DIAMANT CO. LTD, ODESSA
AS AGENTS FOR VESSEL'S TIME CHARTER OWNERS